# EXHIBIT 1-E

*aw*
*9/2*

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA**

*FILED IN THE DISTRICT
OKLAHOMA COUNTY, O*

*AUG 1 2 2010*

*PATRICIA PRESLEY, COURT CL*
*by*
*DEPUTY*

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, ) ) ) | |
| Plaintiffs, ) | Case No.: **CJ-2010-3357** |
| ) | |
| vs. ) | |
| ) | **ATTORNEY LIEN CLAIMED** |
| PROGRESSIVE NORTHERN ) INSURANCE COMPANY, a foreign ) corporation, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## AMENDED PETITION

COMES NOW, Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), for its Petition against the Defendant, Progressive Northern Insurance Company ("Progressive Northern"), states as follows:

### I.  INTRODUCTION

1.      In this civil action, Plaintiff seeks damages for the Defendant's negligence.

### II.  PARTIES

2.      Plaintiff is and at all relevant times was, a foreign corporation organized under the laws of Illinois with its principal place of business in Bloomington, Illinois, authorized to and doing business in the State of Oklahoma.

3.      Progressive Northern is and at all relevant times was, a foreign corporation organized under the laws of Ohio with its principal place of business in Ohio, authorized to and doing business in the State of Oklahoma.

### III.  JURISDICTION VENUE

4.   The amount in controversy exceeds $75,000.00 exclusive of interests and costs, thus giving this Honorable Court jurisdiction.

5.   This Honorable Court has venue of this matter under the Authority of 12 O.S. 137 specifically.  Plaintiff's cause of action, or some part thereof, arose in Oklahoma County, Oklahoma.

### IV.  FACTS

Plaintiff incorporates all of its prior allegations here by reference and further alleges:

7.   On or about January 4, 2007, a fire occurred at a dwelling insured by the Plaintiff. The fire caused extensive damage to the dwelling and other personal property of State Farm's insureds, Charles and Barbara Burton.

8.   The fire loss was directly caused by a defect in a 2005 Ford E-150 van, manufactured, packaged, distributed and/or sold by the Ford Motor Company.

9.   The Ford van was unsafe, unreasonably dangerous and defective at the time the Ford Motor Company designed, manufactured, packaged, distributed and/or sold and/or placed the van into the stream of commerce.

10.   At the time of the fire, the Ford van was covered by an automotive policy of insurance issued by the Defendant. Under this policy the Defendant paid a portion of the losses associated with the Ford van and took possession of the Ford van for safe keeping.

11.   The dwelling was covered by an policy of insurance issued by the Plaintiff.  Plaintiff, State Farm paid a portion of the losses associated with the dwelling and the personal property of the Burtons.

12.   The Defendant knew the Plaintiff was seeking recovery from the Ford Motor Company for

losses caused by the fire, more specifically for money paid by State Farm to its insured.

13.     The Defendant knew an inspection of the Ford van was to take place on April 22, 2008. On that date, Representatives of the Plaintiff went to inspect the vehicle, which was in the Defendant's care and possession.

14.     Upon arrival for the inspection, it was determined the vehicle was not at Defendant's location. Eventually, the Defendant acknowledged it had lost, destroyed or otherwise disposed of the vehicle.

## FIRST CLAIM
## -NEGLIGENCE-

Plaintiff incorporates all of its prior allegations here by reference and further alleges:

15.     The Defendant knew Plaintiff, as well as other interested parties, were seeking recovery for damages from Ford for the defective van. As a result, the Defendant owed a duty to the Plaintiff to preserve, protect and use ordinary care to prevent the loss and/or destruction of the subject vehicle.

16.     As a result of Defendant's negligence Plaintiff suffered damages, including but not limited to the inability to purse a claim for subrogation against the manufacturer of the defective van. These damages were caused solely by the negligence of the Defendant, as herein alleged, and without any negligence on the part of the Plaintiff.  Said damages were a direct and proximate result of the negligence of the Defendant.

17.     Defendant was negligent for failing to use ordinary care in the safe keeping of the Ford van, which the Defendant knew or should have known was vital to the Plaintiff's claim against Ford and/or was the subject of eventual litigation.

18.     As a direct and proximate result of the negligence of the Defendant, Plaintiff has suffered

damages and other loss in excess of $75,000.00, together with prejudgment and post-judgment interest as well as all consequential damages flowing from the Defendants' negligence.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant on its First Claim for the following relief:

a.     compensatory damages against the Defendant in an amount in excess of $75,000.00, including but not limited to, negligently destroying Plaintiff's ability to bring a claim for subrogation against the Ford Motor Company for money Plaintiff paid to its insureds, Charles and Barbara Burton;

b.     prejudgment and post-judgment interest;

c.     costs, including but not limited to, court costs, expert fees, attorney's fees and expenses; and

d.     such other and further relief as the Court deems appropriate under the circumstances presented.

Respectfully submitted,

Robert Todd Goolsby, OBA# 12676
David Proctor, OBA# 13863
Matthew C. Frisby, OBA# 19096
GOOLSBY, PROCTOR, HEEFNER & GIBBS, PC
701 N. Broadway Ave., Suite 400
Oklahoma City, Oklahoma 73102
(405) 524-2400 (O)
(405) 525-6004 (F)